1  Mark Schallert, Esq. (SBN 112542)
   David Douglas Doyle, Esq. (SB|N 100595)
2  Doyle, Fike & Watson
   1233 West Shaw Ave., Ste. 106
3  Fresno, CA 93711
   PH: 559.229.2200    FX: 559.225.5504
4  Email: david@watsonattorney.com

5  Kathleen P. Clack, Esq. (SBN 196405)
   Law Offices of Kathleen P. Clack
6  5200 N. Palm Ave., Ste. 408
   Fresno, CA 93704
7  PH: 559.241.7000    FX: 559.241.7119
   Email: clackk@sbcglobal.net
8
   Attorneys for Plaintiff
9

10 JOSEPH P. RUSSONIELLO (SBN 44332)
   United States Attorney
11 JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
12 ABRAHAM A. SIMMONS (SBN 146400)
   Assistant United States Attorney
13 450 Golden Gate Avenue, 9th Floor
   San Francisco, California 94102-3495
14 Telephone:    (415) 436-7264
   Facsimile:    (415) 436-6748
15 Email: abraham.simmons@usdoj.gov

16 Attorneys for Federal Defendants

17                      UNITED STATES DISTRICT COURT

18                     NORTHERN DISTRICT OF CALIFORNIA

19                           SAN FRANCISCO DIVISION

20 SUZANNE YVETTE MITCHEL,            )   No. C 08-0205 MEJ
                                      )
21              Plaintiff,            )   E-FILING CASE
                                      )
22       v.                           )
                                      )   **JOINT CASE MANAGEMENT
23 THE FEDERAL BUREAU OF PRISONS,     )   STATEMENT AND [PROPOSED] CASE
   A DIVISION OF THE DEPARTMENT OF    )   MANAGEMENT ORDER**
24 JUSTICE; MICHAEL MUKASEY,          )
   ATTORNEY GENERAL OF THE UNITED     )
25 STATES,                            )   Date:       April 17, 2008
                                      )   Time:       10:00 a.m.
26              Defendants.           )   Courtroom:  B, 15th Floor
   _____)   Before:     Hon. Maria Elena James

27

28

Pursuant to Rule 26 (a) of the Federal Rules of Civil Procedure and the Order Setting Initial Case Management Conference, dated January 11, 2008, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

### A.    DESCRIPTION OF THE CASE

**1.    A brief description of the events underlying the action**:

Plaintiff Suzanne Mitchel is an employee of the Food Services division of the Federal Bureau of Prisons at Atwater Penitentiary, a maximum security facility.  Ms. Mitchel was supervised by Mr. Cortez.

As detailed in the complaint, Ms. Mitchel alleges that Mr. Cortez subjected her to an ongoing and escalating course of harassment, including: describing the sexual attributes of female co-workers, describing his state of sexual arousal, pantomiming masturbation, asserting that plaintiff's husband was a "dirty dog," and making sexual advances towards plaintiff.

Plaintiff further alleges that when she reported Mr.Cortez's misconduct, she was assigned to the "chapel," which she alleges was known to be an undesirable assignment.  Plaintiff alleges that while stationed in the chapel, male inmates would regularly expose themselves to plaintiff and masturbate to climax in her presence. Plaintiff alleges that her assignment to the chapel was approved by the warden, who was seeking to retaliate against her for asserting her legal rights. Plaintiff alleges that additional acts of retaliation include the spreading of malicious rumors about her among employees and prisoners at Atwater.

Defendant acknowledges that Cortez was plaintiff's supervisor and that the supervisorial relationship was terminated when plaintiff complained that she was being harassed.  Defendant conducted an investigation and disciplined Cortez for the only acts in which he was found to engage.

2.    **The principal factual issues which the parties dispute:**

    a.    Whether Plaintiff was subjected to a hostile work environment, including ongoing harassment;

    b.    Whether Cortez engaged in the lurid acts to which Plaintiff alleges she was

        subjected;

    c.    Whether Plaintiff was discriminated against;

    d.    Whether Plaintiff requested a reassignment to the "Chapel;"

    e.    Whether Plaintiff was subjected to adverse employment actions in retaliation for her protected activity;

    f.    Whether Defendant had a legitimate, non-discriminatory reason for each of the challenged employment decisions;

    g.    Whether the alleged discriminatory acts were sufficiently "severe and pervasive" to establish a claim for hostile work environment;

    h.    Whether Plaintiff can establish that each of Defendant's reasons for the alleged discriminatory and retaliatory acts are pretext for unlawful discrimination;

    I.    Whether Defendant cannot be held liable in this case because he took reasonable steps to prevent misconduct immediately after Plaintiff raised allegations of harassment and a hostile environment.

3.    **The principal legal issues which the parties dispute:**

The parties agree that generally the federal law under 42 USC 2000e governing sexual discrimination and harassment is sufficiently well-developed to preclude any issues of first impression. Accordingly, to the extent that legal issues are addressed, they generally will focus on the following issues:

    a.    Whether Plaintiff can establish a *prima facie* case of sex discrimination and/or retaliation and if so, whether defendant's actions were taken for legitimate, non-discriminatory reasons;

    b.    Whether each or any of the defendant's decisions of which plaintiff complains was an adverse employment action;

    c.    Whether Defendant cannot be held liable in this case because he took reasonable steps to prevent misconduct immediately after Plaintiff raised allegations of harassment and a hostile environment.

4. **The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

None known. Venue and subject matter jurisdiction are not disputed.

5. **The parties which have not been served and the reasons:**

None. The parties have agreed that the Attorney General is the only appropriate defendant in this case and that the Bureau of Prisons should be dismissed as a defendant.

6. **The additional parties which the below-specified parties intend to join and the intended time frame for such joinder**:

None.

## B. CONSENT TO MAGISTRATE JUDGE FOR TRIAL

**The following parties consent to assignment of this case to a United States Magistrate Judge for jury trial**:

The parties both intend to submit consents to proceed before Magistrate Judge James.[1]

## C. ALTERNATIVE DISPUTE RESOLUTION:

**ADR Assignment:**

The parties have filed a stipulation agreeing to proceed with court-sponsored mediation.

## [PROPOSED] CASE MANAGEMENT ORDER

A. ADR Program

    1. The parties are hereby referred to mediation pursuant to the Court's ADR program.

    2. The parties have filed their ADR certification pursuant to Civil L.R. 16-8.

B. Jury or Court Trial:

The parties shall designate in both their pleadings and joint case management statement whether the trial requested is a jury trial or court trial. Both parties request a jury trial.

C. Pretrial Motions:

    1. All pretrial motions shall be filed in accordance with Civil L.R. 7. A motion shall

---

[1] Plaintiff does not consent to proceed before magistrate judges in another district.

1               be noticed pursuant to Civil L.R. 7-2 without calling the Court. Civil law and

2               motion is heard on Thursday mornings at 10:00 a.m.

3 D.    Discovery

4 1.    The parties shall abide by Judge James' standing order regarding discovery and dispute

5     procedures.

6        9.    **Other information regarding ADR process or deadline.**

7     None.

## DISCLOSURES

9        10.    The parties shall exchange initial disclosures on or before April 15, 2008. The

10 parties shall describes categories of documents therein. Defendant shall produce the documents

11 pertaining to the initial disclosures on or before April 30, 2008. Plaintiff shall produce any non-

12 duplicative documents on May 15, 2008.

## DISCOVERY

14        11.    **The parties agree to the following discovery plan:**

15     A.    <u>Discovery Limitations</u>

16          1.    Experts

17     The parties propose a limit of five (5) experts per side absent a further court order.

18 Defendant will seek to perform an Independent Medical Examination in the event that plaintiff

19 does not stipulate to one.

20          2.    Depositions

21     Defendant propose a limit of ten (10) depositions per side, absent a further court order.

22 Plaintiff believes that more than ten depositions will be required but that many of the depositions

23 will be completed in one or two hours.

24          3.    Interrogatories, Requests for Production of Documents, and

25               Requests for Admissions.

26     The parties propose a limit of 25 interrogatories, 25 document requests and 25 requests

27 for admission per side, absent a further court order.

28     B.    <u>Deadline for Completing Fact Discovery</u>

The parties request a discovery cut-off in November 2008.

C. Expert Witness Disclosure

The parties request that expert witness reports be due January 30, 2009.

D. Deadline for Expert Witness Discovery

Defendant requests February 28, 2009. Plaintiff requests March 15, 2009.

E. Deadline for Dispositive Motions

Plaintiff requests a dispositive motions due date of February 15, 2009.

Defendant requests a dispositive motions due date of March 20, 2009.

## TRIAL SCHEDULE

12. **The parties request a trial date as follows**:

Plaintiff requests a trial date of June 1, 2009. Defendant requests a trial date in June 2009.

13. **The parties expect that the trial will last for the following number of days:**

Defendant estimates that trial, if necessary, would last two days. Plaintiff estimates the trial would last seven to ten days.

| DOYLE, FIKE & WATSON | JOSEPH P. RUSSONIELLO<br>United States Attorney |
|---|---|
| ____/s_____<br>Mark Schallert<br>Attorney for Plaintiff | _____/s_____<br>ABRAHAM A. SIMMONS<br>Assistant U.S. Attorney<br>Attorney for Defendant |

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____    _____
WILLIAM H. ALSUP
DISTRICT COURT JUDGE