JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:   (415) 436-6748
    Email:      abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUZANNE YVETTE MITCHEL, | ) |
|                 Plaintiff, | ) No. C 08-0205 MEJ |
|     v. | ) ANSWER |
| MICHAEL MUKASEY, ATTORNEY GENERAL OF THE UNITED STATES, | ) |
|                 Defendant. | ) |

    Defendant Michael Mukasey, Attorney General of the United States ("Defendant"), through undersigned counsel, answers the Complaint For Breach Of The Equal Employement Opportunity Act (42 U.S.C. Section 200e) For Gender Discrimination And Sexual Harassment; and Demand For Jury Trial filed by Plaintiff Suzanne Yvette Mitchel on January 11, 2008.  With respect to the numbered paragraphs in the Complaint, Defendant responds as follows:

Jurisdiction

  1. Defendant admits that this court has jurisdiction under 42 U.S.C. § 2000e-16.  Defendant denies the remainder of this paragraph except as specifically admitted.

  2. Defendant admits that the Plaintiff is a Food Service Administrative Assistant at U.S.P. Atwater and has been employed with the Federal Bureau of Prisons since on or about 2001. Defendant further admits that the Plaintiff's work site was moved to the Chapel at her request on or about October 5, 2006 and that at her request her work site again was moved to the Food Service Warehouse in March 2007.  Denied except as specifically admitted, defendant denies the

remainder of the allegations in the paragraph.

3. Defendant admits that the Attorney General is the proper party defendant for this case under 42 U.S.C. § 2000e-16.   Except as specifically admitted, the paragraph is denied.

4. Defendant admits the Federal Bureau of Prisons, which is part of the Department of Justice, has employed the Plaintiff at U.S.P. Atwater since 2001. Except as specifically admitted, the paragraph is denied.

5. Defendant admits Mr. Rafael Cortez is the Food Service Administrator at U.S.P. Atwater, that he has held that position since 2005 and that he was the Plaintiff's second line supervisor until she contacted the EEO Counselor.  Defendant denies Plaintiff ever was demoted.  Except as specifically admitted, the paragraph is denied.

6. Defendant admits venue is permitted in the Northern District of California under 42 U.S.C. § 2000e-5(f)(3) even though the Plaintiff's duty station, U.S.P. Atwater, is located in the Eastern District of California, and all of the conduct and actions at issue in this case occurred in the Eastern District of California.  Except as specifically admitted, the paragraph is denied.

7.  Defendant admits venue is permitted in the Northern District of California under 42 U.S.C. § 2000e-5(f)(3) even though the Plaintiff's duty station, U.S.P. Atwater, is located in the Eastern District of California, and all of the conduct and actions at issue in this case occurred in the Eastern District of California.  Except as specifically admitted, the paragraph is denied.

Claim for Relief For Breach of Duties Under The<br>Equal Employment Opportunities Act

8. Defendant admits only such matters as are specifically admitted in ¶¶ 1-7 *supra*. Defendant denies all the allegations in each paragraph except as specifically admitted.

9. Paragraph 9 is a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, defendant admits that 42 U.S.C. § 2000e-16 prohibits sex and gender discrimination in federal agency employment.  Defendant denies that 42 U.S.C. § 2000e-2 is applicable to this case.  Defendant further denies each an every other allegation in the paragraph except as specifically admitted.

10.  Denied.

Answer
C 08-0205 MEJ

2

10.a.  Defendant admits Mr. Rafael Cortez made unprofessional remarks which were promptly investigated and which resulted in the Agency taking appropriate corrective and disciplinary action to address.  Defendant denies Mr. Cortez' comments and/or actions constituted sexual harassment.  Defendant denies each and every allegation in this sub-paragraph except as specifically admitted.

10.b.  Defendant admits Mr. Rafael Cortez made unprofessional remarks which were promptly investigated and which resulted in the Agency taking appropriate corrective and disciplinary action to address.  Defendant denies Mr. Cortez' comments and/or actions constituted a hostile work environment.  Defendant denies each and every allegation in this sub-paragraph except as specifically admitted.

10.c.  Defendant admits Mr. Rafael Cortez made unprofessional remarks which were promptly investigated and which resulted in the Agency taking appropriate corrective and disciplinary action to address.  Defendant admits plaintiff temporarily was reassigned pursuant to her specific request.  Defendant denies Plaintiff suffered any adverse employment action.  Defendant denies Plaintiff suffered any conduct that violated 42 U.S.C. § 2000e-16..  Defendant denies each and every allegation in this sub-paragraph except as specifically admitted.

10.d.  Defendant admits Plaintiff complained about Mr. Cortez' conduct and that Defendant took prompt and effective remedial action.  Defendant admits plaintiff was temporarily reassigned at her specific request.  Defendant denies Plaintiff suffered any adverse action or any reprisal.  Defendant denies each and every allegation in this sub-paragraph except as specifically admitted.

10.e.  Defendant admits Plaintiff and Mr. Cortez socialized together after hours and were mutual friends on and off the job prior to her complaint of discrimination.  Defendant admits Plaintiff's work site was changed twice at her specific request.  Defendant denies each and every allegation in this sub-paragraph except as specifically admitted.

11.  Denied.

12.  Defendant admits Mr. Cortez was the Plaintiff's second line supervisor, that they had adjacent offices, that they worked well together and were mutual friends prior to the date plaintiff

filed her the complaint. Defendant denies each and every allegation in this paragraph except as specifically admitted.

13. Defendant admits Mr. Cortez made unprofessional comments which were promptly investigated following Plaintiff's complaint and that Mr. Cortez was disciplined for such comments. Defendant denies each and every allegation in this sub-paragraph except as specifically admitted.

14. Defendant admits Mr. Cortez made unprofessional comments which were promptly investigated following the Plaintiff's complaint and that Mr. Cortez was disciplined for such comments. Defendant denies each and every allegation in this paragraph except as specifically admitted.

15. Defendant admits Plaintiff and Mr. Cortez socialized together after hours and were mutual friends on and off the job prior to her complaint of discrimination. Defendant admits Mr. Cortez made unprofessional comments which were promptly investigated following the Plaintiff's complaint and that Mr. Cortez was disciplined for such statements. Defendant denies each and every allegation in this paragraph except as specifically admitted.

16. Defendant admits Plaintiff and Mr. Cortez socialized together and were mutual friends on and off the job prior to her complaint of discrimination. Defendant admits Mr. Cortez made unprofessional comments which were promptly investigated following the Plaintiff's complaint and that Mr. Cortez was disciplined for such statements. Defendant denies each and every allegation in this paragraph except as specifically admitted.

17. Defendant admits Plaintiff did not timely report Mr. Cortez' alleged unprofessional behavior as specified by the Defendant's Program Statement 3420.09, Standards of Employee Conduct, and by the Defendant's Sexual Harassment Prevention Plan, Program Statement 3713.23 Attachment F and Chapter 14. Defendant admits Plaintiff's work site was changed at her specific request. Defendant denies each and every allegation in this paragraph except as specifically admitted.

18. Defendant admits the appropriate officials promptly investigated the Plaintiff's allegations of unprofessional conduct against Mr. Cortez as a misconduct issue and promptly

disciplined him for such misconduct consistent with the requirements of due process. Defendant admits the separate administrative EEO investigation took longer than the misconduct investigation against Mr. Cortez. Defendant denies each and every allegation in this paragraph except as specifically admitted.

19. Defendant admits Plaintiff received an 180 day letter concerning her administrative EEO complaint. Defendant denies each and every allegation in this paragraph except as specifically admitted.

20. Denied.

21. The remainder of the complaint is a prayer for relief for which no response is required. To the extent that a response is deemed necessary, defendant denies that plaintiff is entitled to any relief whatsoever under the complaint.

**Affirmative Defenses.**

First Affirmative Defense

22. The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

23. The Court lacks subject matter jurisdiction over certain claims, including those Plaintiff raises for which he did not exhaust his administrative remedies.

**Third Affirmative Defense**

24. While not admitting any liability, Defendant alleges that Plaintiff has failed to mitigate her damages, and has waived claims for damages raised in his complaint, or is estopped from raising them.

**Fourth Affirmative Defense**

25. Plaintiff has failed to establish a prima facie case of race and/or reprisal/retaliation discrimination.

**Fifth Affirmative Defense**

26. Defendant, at all times, acted based upon legitimate, non-discriminatory business reasons for each action taken with respect to Plaintiff.

### Sixth Affirmative Defense

27. The Defendant exercised reasonable care to prevent and correct promptly any harassing behavior.

### Seventh Affirmative Defense

28. Defendant is immune from certain claims and/or remedies.

### Eighth Affirmative Defense

29. While not conceding any discriminatory or retaliatory motive played part in the challenged actions, Defendant asserts that the same actions would have been taken absent any alleged discriminatory or retaliatory motive.

### Ninth Affirmative Defense

30. Plaintiff's claims are barred as to damages; such damages, if any, are the result of his own actions and not any acts and/or omissions of the Defendant.

### Tenth Affirmative Defense

31. Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Defendant or to otherwise avoid the harm alleged in the complaint.

**WHEREFORE,** Defendants pray:

    (a)    For judgment dismissing Plaintiff's complaint herein

    (b)    For an award to Defendant for his costs and disbursements in this action; and

    (c)    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: May 1, 2008

ABRAHAM A. SIMMONS
Assistant United States Attorney